People v Prude (2018 NY Slip Op 06703)





People v Prude


2018 NY Slip Op 06703


Decided on October 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Singh, JJ.


7271 452/15

[*1]The People of the State of New York, Respondent,
v
Roderick Prude, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Christina Wong of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia P. Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Larry R.C. Stephen, J. at suppression hearing; Bonnie G. Wittner, J. at plea and sentencing), rendered December 3, 2015, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him to three years' probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a conditional discharge for a period of one year, and otherwise affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo , 41 NY2d 759, 761 [1977]). Defendant's argument that, even if credited, the testimony did not establish reasonable suspicion for stopping him for carrying a knife on the subway is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the officer's observation of "part of a knife" — which was attached by a clip to defendant's pocket, with the bulk of the knife inside the pocket — established reasonable suspicion that defendant was violating 21 NYCRR 1050.8(a), which prohibits the carrying of weapons or dangerous instruments on the subway. The officer's ensuing actions, in removing the knife from defendant's pocket, and arresting him after determining that the knife was a gravity knife, were also proper.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 9, 2018
CLERK